IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| QINBIN CHEN, | Criminal No. 1:22-cr-216 |
| Defendant. | |

REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S
ADDITIONAL BRIEF AS TO DEFENDANT'S FINANCIAL OBLIGATIONS

Comes now the United States of America, by counsel, and hereby submits the following additional briefing regarding the defendant's financial obligations.

FACTUAL BACKGROUND

In the Government's Additional Brief (Document 99), the United States sought the forfeiture of the traceable proceeds into two bank accounts as well as a turnover order for the remaining funds to satisfy the defendant's remaining financial obligations. Given the procedural posture of the case, the government withdraws its request for a fine. Therefore, the United States will return any remaining funds that are not going to the court-ordered financial obligations to the defendant. A revised proposed turnover order is attached. As to the proposed Preliminary Order of Forfeiture, the Court does have jurisdiction to order the preliminary order of forfeiture. The defendant was made aware of the forfeiture at sentencing, and *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("missing the deadline set in Rule 32.2 does not deprive a district court of jurisdiction to enter orders of criminal forfeiture so long as the sentencing court makes clear prior to sentencing that it plans to order forfeiture") remains good law.

1

A. <u>The Court retains jurisdiction to enter a forfeiture order after sentencing.</u>

The Defendant argues that the Court cannot enter a forfeiture order after sentencing, and attends to distinguish the Fourth Circuit case *Martin* with cases from other Circuits. However, *Martin* is still good law. Federal Rule of Criminal Procedure 32.2(b)(2)(B) states that "[u]nless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance at sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." In *McIntosh v. United States*, 601 U.S. 330, 345, 144 S. Ct. 980, 992, 218 L. Ed. 2d 307 (2024), the Supreme Court held that "Rule 32.2(b)(2)(B) is a time-related directive, that, if missed, does not deprive a district court of its power to order forfeiture." Therefore, the ruling in *McIntosh* abrogated the rulings in *United States v. Maddux*, 27 F.4th 1170 (6th Cir. 2022) and *United States v. Shakur*, 691, F.3d 979 (8th Cir. 2012). Therefore, a Court may enter a Preliminary Order of Forfeiture post sentencing. *See Martin* 662 F.3d at 307, *United States v. Sanders,* 622 F. Supp.3d 223, 225 n.1 (E.D. Va. 2022) (finding that a forfeiture order may be entered after sentencing as long as the court "makes clear at the time of sentencing that a forfeiture order would be forthcoming at a later time").

Here, the Defendant was aware that the Court intended to seek forfeiture as part of the sentence. The government filed a Motion for a Preliminary Order of Forfeiture in February, and the Court heard argument on the forfeiture at sentencing and ordered additional briefing on the issue. *See United States v. Spirito*, 36 F.4th 191, 213-14 (4th Cir. 2022) (finding that district court's failure to mention forfeiture in the oral announcement of the defendant's sentence is not reversible error where the defendant was otherwise aware that forfeiture would be made part of his sentence, such as from the government's motion for a preliminary order of forfeiture and from the PSR that mentioned forfeiture). Thus, the defendant has suffered no prejudice as the

2

defendant was aware of the forfeiture well before sentencing and at sentencing. The Supreme Court made clear in McIntosh that Rule 32.2(b)(2)(B) is a time-related directive and it does not deprive a Court of jurisdiction to enter a forfeiture order post sentencing.

In sum, the Court retains jurisdiction to enter the Preliminary Order of Forfeiture (Document 99-1), and the government requests that the Court enter a Preliminary Order of Forfeiture forfeiting the traceable proceeds into the Wells Fargo and TD Bank Accounts.

## CONCLUSION

Based on the above, the government respectfully moves that the Court enter a forfeiture order for the proceeds traced into the Wells Fargo and TD Bank Accounts. Further, the government requests that a turnover order be entered in order to use the remaining funds in those accounts to satisfy the restitution order and special assessments in full. A revised turnover order is attached for the Court's consideration.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:        /s/ Annie Zanobini
Annie Zanobini
Assistant United States Attorney
California State Bar No. 321324
Attorney for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office Number: (703) 299-3700
Facsimile Number: (703) 299-3982
E-mail Address: Annie.zanobini2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 7th day of October 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

By:   \_\_/s/ Annie Zanobini_____
Annie Zanobini
Assistant United States Attorney
California State Bar No. 321324
Attorney for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office Number: (703) 299-3700
Facsimile Number: (703) 299-3982
E-mail Address: Annie.zanobini2@usdoj.gov