IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:22-cr-216 (RDA) |
| ) | |
| QUINBIN CHEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Government's Motion for a Preliminary Order of Forfeiture ("Motion") (Dkt. 79). Considering the Motion together with the Government's Memoranda in Support (Dkt. Nos. 79; 99), Defendant's Responses (Dkt. Nos. 94, 100), the Government's Replies (Dkt. Nos. 96; 101), and the argument heard during the October 17, 2024 hearing, this Court GRANTS the Government's Motion for the reasons that follow.

I. BACKGROUND

Defendant was indicted on November 23, 2022, and charged with conspiracy to commit access device fraud, three counts of trafficking in unauthorized access devices, conspiracy to commit money laundering, two counts of international promotion money laundering, and one count of aggravated identity theft. Dkt. 1. The indictment includes a forfeiture notice notifying Defendant that if he is convicted of the fraud and money laundering offenses, the Government would seek forfeiture of "any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the" fraud offenses and "any property, real or personal, involved in the" money laundering offenses. *Id.* at 12. On October 3, 2022, Magistrate Judge Ivan D. Davis signed and issued a seizure warrant for all funds contained in four bank accounts, including Wells Fargo

Account #2216545323 ("Wells Fargo Account #5323") and TD Bank Account #2430-5829488 ("TD Bank Account #9488").  Dkt. 79-1 ¶ 20.

The case proceeded to trial on September 11, 2023, and Defendant waived the jury determination on forfeiture.  Dkt. 43.  The jury found Defendant guilty of all charges on September 14, 2023.  Dkt. 49.  Following a series of consent and joint motions to continue sentencing filed by Defendant, Dkt. Nos. 67; 89; 91, sentencing was set for September 25, 2024, Dkt. 94.

During the September 25, 2024 hearing, the parties presented argument regarding Defendant's objections to the application of various enhancements to his offense level in the Presentence Investigation Report, Dkt. 65, as well as the Government's Motion for a Preliminary Order of Forfeiture, which was filed on February 12, 2024, Dkt. 79.  At the September 25, 2024 hearing, the Court orally pronounced Defendant's incarceral sentence, declined to enter the Government's proposed preliminary order of forfeiture based on the methodology it relied upon to calculate the forfeiture amount, and left open the sentencing pending resolution of the forfeiture issue.[1]  As explained in the September 25, 2024 Order,

> this Court declined to enter the Government's proposed Preliminary Order of Forfeiture because the Government failed to present sufficient evidence to support the suggested forfeiture amount of $613,846.15.  Specifically, the Court found that the Government's reliance on an estimated $7,000,000 loss amount, which was extrapolated from the performance of one runner, Jin Hong, during his six months in the conspiracy, was too speculative primarily because the Government did not present sufficient evidence to show that Mr. Hong's experience in the conspiracy was representative of other runners in the conspiracy or of other time periods across the three-and-a-half-year conspiracy.  *See United States v. Mehta*, 594 F.3d 277, 282-83 ("extrapolation in this case would require a threshold finding that the trend in the known sample . . . was likely to be present in the larger group.").

---

[1] In fact, this Court did not formally deny the Government's Motion for a Preliminary Order of forfeiture during the September 25, 2024 hearing and it remains open on the docket.  *See generally* September 25, 2024 Transcript ("Tr."); *see also* Dkt. 79.

Dkt. 98 at 1-2. As such, this Court directed the parties to submit additional briefing addressing the issue of forfeiture because forfeiture is a mandatory aspect of the sentence in this case.[2] *Id.*; Tr. at 83:1-2 (demonstrating that the Government noted that "forfeiture is mandatory under the statute" during the September 25, 2024 hearing). Additionally, this Court set a hearing to resolve the outstanding issue of forfeiture for October 9, 2024. Dkt. 98 at 2. Importantly, during the September 25, 2024 hearing, this Court intentionally left open the sentencing and declined to enter the criminal judgment after declining to enter the Government's proposed Preliminary Order of Forfeiture. Dkt. 97, Minute Entry for Sentencing held 9/25/2024 (stating "The Court indicated that the Judgment will not be entered until the Forfeiture issue is adjudicated"); Tr. at 26:1-2 (recognizing that "forfeiture must be imposed" where prerequisites are met); Tr. at 82:15-17 (stating that the Court will "hold the final sentencing order in abeyance until" the forfeiture issue is resolved).

On September 30, 2024, the Government filed a Supplemental Memorandum that requested entry of (1) a forfeiture order, (2) a turnover order, and (3) a fine against Defendant. Dkt. 99. On October 4, 2024, Defendant filed a Response to the Government's Supplemental

---

[2] The statutes governing forfeiture related to access device fraud and money laundering mandate forfeiture in this case. 18 U.S.C. § 982(a)(2)(B) ("The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate…section…1029 …shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of such violation"); 18 U.S.C. § 982(a)(1) ("The court, in imposing sentence on a person convicted of an offense in violation of section 1956 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."); s*ee United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion… The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing."). Likewise, full restitution is required by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)-(B) (mandating that a district court "shall order . . . that the defendant make restitution to the victim[s] of the offense" upon conviction for any Title 18 "offense against property . . .").

Memorandum, contending that the new request for a substantial fine is inappropriate at this stage and that the forfeiture request should now be denied because the Court did not make a forfeiture determination during the September 25, 2024 hearing. Dkt. 100. In a Reply filed on October 7, 2024, the Government withdrew its request for a fine and asserted that the Court retains jurisdiction to enter forfeiture after the oral announcement of Defendant's sentence. Dkt. 101.

The October 9, 2024 hearing on forfeiture was continued until October 17, 2024 following Defendant's request to continue the hearing to ensure that Defendant could properly understand the nature of the proceedings with the assistance of an adequate interpreter. Dkt. 106 at 1-2 (explaining "that no final criminal judgment will be entered until all outstanding issues pertaining to sentencing are resolved.").

## II.  LEGAL STANDARD

The following legal standards govern the proceedings before the Court.

### A.  Forfeiture

The Government bears the burden of establishing that certain property is forfeitable. *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010). The Government must prove the nexus between the property to be forfeited and the offenses of conviction by a preponderance of the evidence. *Libretti v. United States*, 516 U.S. 29 (1995). In assessing forfeiture, the Court may consider "evidence already in the record, including any written plea agreement, and . . . any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). If the Court finds that forfeiture's "relevant prerequisites are satisfied," forfeiture must be imposed. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014).

The statutory authority for forfeiture related to access device fraud is provided under 18 U.S.C. § 982(a)(2)(B), which limits forfeiture to "property constituting, or derived from, proceeds the [defendant] obtained directly or indirectly, as the result of" the crime. For money laundering, the authority for criminal forfeiture is found in 18 U.S.C. § 982(a)(1), which mandates that a court "shall order that the [defendant] forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

B.   Turnover to Satisfy Financial Obligations

Title 18 U.S.C. § 3664 provides that "[a]n order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or . . . by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). An order requiring the "turnover of [] funds constitute[s] an available and reasonable means to enforce the Court's restitution order," as well as other court-ordered financial obligations. *United States v. Gay*, No. 5:23-CR-00043-KDB-DCK, 2024 WL 2835323, at *1 (W.D.N.C. June 4, 2024).

III.   Analysis

The Government seeks the entry of its proposed Preliminary Order of Forfeiture (Dkt. 99-1) and its proposed Turnover Order (Dkt. 101-1). The Court will address each in turn.

A.   Forfeiture

In this case, the Government is seeking the forfeiture of $276,496.00 in Wells Fargo Bank Account #5323 and $143,927.04 in TD Bank Account #9488 as proceeds of the access device fraud conspiracy and property involved in the money laundering conspiracy. Dkt. Nos. 79 at 17-21; 99 at 2-3. Defendant objects that these funds are appropriately forfeited.

To support its Motion, the Government relies on FBI Special Agent Michael Jeng's Declaration and evidence adduced at trial to demonstrate that the identified funds in these accounts are proceeds of the conspiracy. *Id.* In his declaration, Agent Jeng explains that WeChat text messages between Defendant and a buyer, Xu Wanbiao, revealed that Defendant would sell branded cards to Wanbiao who would wire payment for those cards into various bank accounts, including the Wells Fargo and TD Bank accounts at issue here that are held in Defendant's name. Dkt. 79-1 ¶ 18. Records from TD Bank and Wells Fargo confirm that these accounts received wire transfers from Wanbiao's bank located in Hong Kong, China. *Id.* ¶ 19. Agent Jeng identified four deposits of fraud proceeds from Xu Wanbiao into the Wells Fargo Account during the period of the conspiracy totaling $276,496, *id.* ¶ 24, and four deposits of fraud proceeds from Xu Wanbiao into the TD Bank Account totaling $139,841, *id.* ¶ 22. Agent Jeng also identified an additional transfer of $4,086.04 in fraud proceeds from Defendant's PayPal account into the TD Bank Account. Dkt. 79-1 ¶ 21.

When the funds were seized from Defendant's accounts, the Wells Fargo Bank Account and the TD Bank Account had balances greater than the fraud proceeds that were deposited. Under the Lowest Intermediate Balance rule, when criminal proceeds are commingled with legitimate funds in an account, there is a presumption that the criminal proceeds remain in the account as long as the account balance is equal to or greater than the amount of criminal proceeds deposited. *See Sony Corporation of America v. Bank One, West Virginia, Huntington, NA*, 85 F. 3d 131, 138 (4th Cir. 1996). Here, because the Wells Fargo Bank Account and the TD Bank Account had balances greater than the fraud proceeds that were deposited, the proceeds still remain in the accounts and are subject to forfeiture.

Defendant contends that the Government's request for forfeiture should be denied pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure because he was sentenced on September 25, 2024, and his sentence cannot now be amended to include forfeiture. This argument fails for several reasons.

First, the Supreme Court has made clear that "Rule 32.2(b)(2)(B) is a time-related directive, that, if missed, does not deprive a district court of its power to order forfeiture." *McIntosh v. United States*, 601 U.S. 330, 345 (2024). Second, this Court specifically did not enter final judgment and left open the sentencing proceeding to ensure that the forfeiture issue would be resolved prior to doing so. *See* Dkt. 97, Minute Entry for Sentencing held 9/25/2024 (stating that "[t]he Court indicated that the Judgment will not be entered until the Forfeiture issue is adjudicated"); Tr. at 82:15-17 (stating that the Court will "hold the final sentencing order in abeyance until" the forfeiture issue is resolved). Defendant did not object during the September 25, 2024 hearing to the Court leaving the judgment open to resolve the outstanding issue of forfeiture. Tr. at 82:15; Tr. at 83:1-4. Third, Defendant was aware that forfeiture would be made part of his sentence during sentencing from the Government's Motion for Preliminary Order of Forfeiture, as well as the Court hearing argument on forfeiture during sentencing. Fed. R. Crim. P. 32.2(b)(4)(B) ("The court must include the forfeiture when orally announcing the sentence *or* must otherwise ensure that the defendant knows of the forfeiture at sentencing." (emphasis added)); *see United States v. Spirito*, 36 F.4th 191, 213-14 (4th Cir. 2022) (finding that failure to mention forfeiture in oral announcement of a defendant's sentence is not reversible error where the defendant was otherwise aware that forfeiture would be made part of his sentence, such as "through the issuance of a Presentence Investigation Report [or] motion for a preliminary order of forfeiture"). Indeed, the Court specifically sought additional briefing on the forfeiture issue, Dkt.

98, such briefing would have been unnecessary if the Court had not intended to include forfeiture as part of Defendant's sentence. Finally, the statutes governing forfeiture related to access device fraud and money laundering mandate forfeiture in this case.[3]

Thus, Defendant's assertion that this Court lacks jurisdiction to leave the judgment open and continue forfeiture proceedings to a date after the September 25, 2024 hearing fails. *See United States v. Papas*, 715 Fed. Appx. 88, 90 & n.2 (2d Cir. 2018) (rejecting defendant's argument that district court lacked authority or jurisdiction to either amend the terms of forfeiture after sentencing or continue forfeiture proceedings past the sentencing date). This Court therefore can enter the Government's proposed Preliminary Order of Forfeiture because it has not yet entered final judgment and forfeiture is required in this case.

Accordingly, the Court finds that the Government's requested forfeiture amounts from the Wells Fargo and TD Bank Accounts are based on reliable evidence, including messages between Defendant and buyer Wanbaio, as well as records from financial institutions. The Court finds this methodology reasonable, and the forfeiture amount supported by a preponderance of the evidence. Therefore, the Government has met its burden, and the Court will ENTER the Government's Preliminary Order of Forfeiture (Dkt. 99-1).

Under that Order, the Government is entitled to forfeiture of the following property: (a) $276,496.00 in funds held in an internal Wells Fargo Bank Account holding the balance of Wells Fargo Bank Account #5323; and (b) $143,927.04 in funds held in TD Bank Account #9488.

---

[3] 18 U.S.C. § 982(a)(2)(B) ("The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate…section…1029 …shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of such violation"); 18 U.S.C. § 982(a)(1) ("The court, in imposing sentence on a person convicted of an offense in violation of section 1956 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.").

A. Turnover

The Government requests that a turnover order be entered to satisfy Defendant's court-ordered financial obligations. Dkt. 101 at 3. This Court ordered restitution in the amount of $45,368.19 to the victims and a $100 assessment on counts 1-8 ($800). Dkt. 97. The Government's proposed Order Directing Turnover of Funds would direct the U.S. Marshals Service to turnover $46,168.19 of the funds it is presently holding from the Wells Fargo and TD Bank Accounts to satisfy Defendant's financial obligations. Dkt. 101-1.

Defendant has not objected to the Government's request for entry of the Order Directing Turnover of Funds (Dkt. 101-1). Moreover, an order directing the U.S. Marshals Service to turnover a portion of the funds it is presently holding is a reasonable means to satisfy Defendant's financial obligations. 18 U.S.C. § 3664(m) ("An order of restitution may be enforced . . . by all other available and reasonable means"). The Court will therefore ENTER the Order Directing Turnover of Funds (Dkt. 101-1) and DIRECT the U.S. Marshals Service to turnover $46,168.19 to satisfy Defendant's restitution and special assessment obligations.

IV. CONCLUSION

Accordingly, for the forgoing reasons, it is hereby ORDERED, ADJUDGED, and DECREED that the following property is forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 982(a)(1): (a) $276,496.00 in funds held in an internal Wells Fargo Bank Account holding the balance of Wells Fargo Bank Account #2216545323; and (b) $143,927.04 in funds held in TD Bank Account #2430-5829488; and it is

FURTHER ORDERED that the Court will ENTER the proposed orders submitted by the Government relating to these issues.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
October 17, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge